**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Jake Tyler Rapp (AZ Bar No. 036208)
(Jrapp@ShermanHoward.com)
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley, | Case No. 2:20-cv-01937-SMB |
| Plaintiff, | |
| v. | **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM** |
| QuikTrip Corporation, an Oklahoma corporation, | |
| Defendant. | |

Defendant QuikTrip Corporation, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully requests that this Court dismiss this case for lack of subject matter jurisdiction due to lack of standing under Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I.    **INTRODUCTION**

This case is about yet another serial so-called ADA "tester" filing a complaint to coerce settlement.[1]  Specifically, this suit arises out of Plaintiff's allegations that QuikTrip Corporation ("QuikTrip") does not comply with the Americans with Disabilities Act ("ADA").  (Compl. ¶ 35).  Plaintiff purportedly encountered physical barriers at a

---

[1] *See, e.g.*, Laura Wilcoxen, *Three plaintiffs, two firms bringing bulk of ADA cases in Arizona*, LEGAL NEWSLINE (Feb. 10, 2016), https://legalnewsline.com/stories/510662414-three-plaintiffs-two-firms-bringing-bulk-of-certain-ada-cases-in-arizona (describing Plaintiff as far back as five years ago as one among several serial so-called ADA "testers" in Arizona).  This Court should take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

QuikTrip store restroom at 2212 East Bell Road, Phoenix, Arizona 85022 (the "Property"). (*Id.* at ¶ 30). These barriers allegedly prevented Plaintiff from accessing various goods and services offered by QuikTrip. (*Id.* at ¶ 29). These allegations are entirely conclusory and not true.

QuikTrip is subject to a prior consent decree with the United States Department of Justice. The Property was independently certified as ADA-compliant in 2011. (**Exhibit A: QuikTrip ADA certification**); (**Exhibit B: QuikTrip photographic certification**). No changes have been made to the Property since 2011. That is approximately nine years before Plaintiff filed his Complaint alleging the Property is not ADA-compliant. QuikTrip informed Plaintiff's counsel about the prior consent decree with the compliance certificate. (Dkt. #14 at pg. 6, 9-11). Yet Plaintiff did not dismiss this suit. This is unsurprising because Plaintiff is merely a serial ADA tester seeking a quick settlement rather than justice for the disabled.

Plaintiff has since 2016 clogged federal courts across the country with at least 179 suits. (**Exhibit C: Pacer list of Plaintiff's complaints**). And 7 complaints were filed the same day as this one. (**Exhibits D to H**: **Examples of Plaintiff's complaints filed on October 5, 2020**). These complaints lazily recite conclusory allegations of ADA violations. (Compl. at ¶ 30); (**Exhibit D** at ¶ 30); (**Exhibit E** at ¶ 30); (**Exhibit F** at ¶ 30); (**Exhibit G** at ¶ 30); (**Exhibit H** at ¶ 30). Plaintiff's intent, like many other serial ADA testers, is to file a flurry of ADA complaints while hoping for some settlements. *Molski v. Everygreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2011). Fortunately, both the United States Constitution's standing requirements and the Federal Rules of Civil Procedure give this Court tools to eliminate these complaints.

Plaintiff needed to demonstrate an injury-in-fact to bring this suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact is "concrete and particularized" and "actual or imminent" whereas Plaintiff's alleged injuries are either demonstrably not immediate or entirely conclusory. *See id.* This "cannot substitute for the factual allegations required in [a] complaint to satisfy Article III's requirement of an injury-in-

1   fact." *Chapman v. Pier 1 (U.S.) Imports, Inc.*, 631 F.3d 939, 955 (9th Cir. 2011)).   It

2   follows that Plaintiff cannot demonstrate an injury-in-fact.   Therefore, Plaintiff's

3   Complaint must be dismissed for lack of standing.

4       Alternatively, the Complaint should be dismissed for failure to state a claim under

5   Fed. R. Civ. P. 12(b)(6) because Plaintiff's Complaint only alleges a myriad of

6   conclusory statements that QuikTrip violated Title III of the ADA.   There are no plausible

7   *factual* allegations that the Property is not ADA-compliant.   Therefore, QuikTrip requests

8   this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction or, in the

9   alternative, failure to state a claim upon which relief can be granted.

10  **II.    STANDARDS OF REVIEW**

11          **A.  Rule 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction**

12      Federal Rule of Civil Procedure 12(b)(1) provides that a complaint can be

13  dismissed in its entirety for lack of subject matter jurisdiction.   Standing to sue is limited

14  to "cases" and "controversies" under Article III, § 2 of the United States Constitution.

15  There is standing to sue under Article III, § 2 where a plaintiff demonstrates (1) an "injury

16  in fact," (2) a causal relationship between the injury and the challenged conduct, and (3)

17  that the injury likely will be redressed by a favorable decision.   *Lujan*, 504 U.S. at 560-61

18  (1992).

19      A statute conferring subject matter jurisdiction on federal courts must be strictly

20  construed.   *See Healy v. Ratta*, 292 U.S. 263, 269-70 (1934).   The burden of proving

21  subject matter jurisdiction is on the party asserting jurisdiction.   *Vacek v. U.S. Postal*

22  *Servs.*, 447 F.3d 1248, 1250 (9th Cir. 2006).   At the pleading stage, "the plaintiff must

23  clearly allege *facts* demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

24  1547 (2016), *rev'd* (May 24, 2016) (emphasis added).

25      Jurisdiction may be attacked in two different ways.   First, "[a] 'facial' attack

26  accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their

27  face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.

28  2014) (citation omitted).   Second, a factual attack "contests the truth of the plaintiff's

1    factual allegations, usually by introducing evidence outside the pleadings." *Id.*

2                    **B.  Rule 12(b)(6) Dismissal for Failure to State a Claim**

3        The legal sufficiency of a complaint is a question of law and failure to state a claim

4    upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is

5    grounds for dismissal. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1483 (9th Cir.

6    1995). Although a court must not look beyond the four corners of the complaint,

7    accepting as true all well-pleaded allegations, a court need not accept conclusory

8    allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9        **III.    LEGAL ARGUMENT**

10
11            **A. Plaintiff Lacks Standing Because the Complaint Failed to Allege an
             Actual or Imminent Injury; Therefore, Subject Matter Jurisdiction Does
12           Not Exist**

13       Standing to sue "is a threshold question in every federal case, determining the

14   power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

15   Thus, a lack of standing deprives a court of subject matter jurisdiction. *Id.*  Standing

16   requires proof of the following: (1) an injury-in-fact, (2) a causal relationship between the

17   injury and the challenged conduct, and (3) that the injury likely will be redressed by a

18   favorable decision. *Lujan*, 504 U.S. at 560–66.  In addition, the injury-in-fact must be

19   "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Lujan*, 504 U.S. at 555

20   (internal citations omitted).  Furthermore, only injunctive relief is available under the

21   ADA. *Chapman* 631 F.3d at 946.  A plaintiff seeking injunctive relief must prove that "a

22   real and immediate threat of repeated injury" will occur in the future. *Id.*

23       These numerous requirements apply to ADA testers regardless of their motive for

24   seeking encounters involving an invasion of their rights under Title III of the ADA. *Id.* at

25   944.  Put simply, a plaintiff's status as an ADA tester does not automatically confer

26   standing. *Johnson v. JKLM Properties, L.L.C.*, No. 5:20-CV-01078-EJD, 2020 WL

27   5517234, at *4 (N.D. Cal. Sept. 14, 2020).[2]  An ADA tester still shoulders the burden of

28   _____

[2]   QuikTrip cites several district court decisions from other district courts addressing

1  proving standing to sue. *Chapman*, 631 F.3d at 946.

2  Now, courts engage in two inquires to determine whether a plaintiff demonstrates

3  "a real and immediate threat of repeated injury" under Title III of the ADA. *Id.* at 953.

4  First, whether the plaintiff can show the injury-in-fact "coupled with an intent to return to

5  the noncompliant facility." *Id.* Second, whether the plaintiff can show deterrence from

6  returning to the facility in question. *Id.* A plaintiff who fails under these inquires has not

7  shown an injury-in-fact. *Id.* That necessitates dismissal for lack of standing. *Id.* Here,

8  Plaintiff fails under either inquiry to show a real and immediate threat of repeated injury.

9
10      **1. Plaintiff's Vague and Conclusory Complaint Does Not Demonstrate An Intent-to-Return to the Property**

11  Under the intent-to-return inquiry, merely pleading a "vague desire to return is

12  insufficient to satisfy the requirement of imminent injury." *Summers v. Earth Island Inst.*,

13  555 U.S. 488, 496 (2009). "Such 'some day' intentions—without any description of

14  concrete plans, or indeed even any specification of *when* the 'some day' will be—do not

15  support a finding of the 'actual or imminent' injury" that is required for standing. *Id.*

16  (quoting *Lujan*, 504 U.S. at 564); *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-

17  00343-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021).

18  Courts consider four factors when assessing a plaintiff's allegations of returning to

19  the defendant's establishment. *Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-

20  GMS, 2018 WL 2388047, at *7 (D. Ariz. May 25, 2018). Those factors are: "[i] the

21  proximity of the place of public accommodation to plaintiff's residence, [ii] plaintiff's

22  past patronage of defendant's business, [iii] the definitiveness of plaintiff's plans to return,

23  and [iv] the plaintiff's frequency of travel near defendant[.]". *Id.*; *Johnson v. Overlook at

24  Blue Ravine, LLC*, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (reciting virtually identical

25  factors). Plaintiff has the burden of showing these factors favor his intent-to-return.

26  *Chapman*, 631 F.3d at 953. As shown below, Plaintiff fails.

27
28  complaints like Plaintiff's Complaint. Although these cases are not binding precedent, these decisions are highly persuasive authorities. These decisions address the same phenomena: serial ADA testers filing conclusory complaints to get a quick settlement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### i.     *Plaintiff has not pled proximity to the Property*

This first factor examines the proximity of a plaintiff's residence to the defendant's business.  *Id.*  In *Blue Ravine*, the court concluded that approximately 15 miles between the defendant and plaintiff's residence only slightly weighed in favor of plaintiff's intent-to-return.  *Blue Ravine*, 2012 WL 2993890, at *3.  By contrast, a distance more than 100 miles has been found to weigh against a plaintiff's intent to return.  *Johnson v. JKLM Properties, L.L.C.*, No. 5:20-CV-01078-EJD, 2020 WL 5517234, at *5 (N.D. Cal. Sept. 14, 2020).

Here, Plaintiff did not bother clarifying his proximity to the Property.  Plaintiff only alleges that he resides in Maricopa County, Arizona.  (Compl. ¶ 3).  Maricopa County is approximately 9,224 square miles.[3]  The Complaint, therefore, does not sufficiently allege Plaintiff's proximity because it is unclear how far Plaintiff resides from the Property.  It follows that this first factor weighs against Plaintiff's intent to return. *Blue Ravine*, 2012 WL 2993890, at *3; *JKLM Properties*, 2020 WL 5517234, at *5.

### ii.     *Plaintiff only pleads vague conclusory statements about his alleged past patronage of the Property*

This second factor examines a plaintiff's past patronage of the defendant's business.  *Chapman*, 631 F.3d at 953.  Plaintiff's only alleges that he "regularly shops at [QuikTrip's] stores in Phoenix and its surrounding cities for personal needs." (Compl. ¶ 12).  Nowhere does Plaintiff allege that he has previously been to the Property.   That strongly weighs against plaintiff's intent-to-return.  *Blue Ravine*, 2012 WL 2993890, at *3 (second factor "strongly favors" defendant where plaintiff had never been to location before alleged encounter with barriers).   Plaintiff does not even allege facts that his purported visit to the Property was actually "patronage of a public establishment" under the ADA.  *See JKLM Properties*, 2020 WL 5517234, at *5 (second factor weighed

---

[3]         *Maricopa   County   Quick   Facts*, MARICOPA   CNTY., https://www.maricopa.gov/3598/County-Quick-Facts (click "Land" tab) (last visited July 8, 2021).  This Court can take judicial notice of this fact under Federal Rule of Evidence 201.

1  slightly against plaintiff's intent-to-return because Complaint only made conclusory
2  statements about alleged visit to defendant's business).  As such, this second factor
3  strongly weighs against Plaintiff's intent-to-return.

4                ***iii.***   ***Plaintiff has no definitive plans to return to the Property***

5          This third factor examines the definitiveness of a plaintiff's plan to return to the
6  defendant's business.  *Chapman*, 631 F.3d at 953.  In *JKLM Properties*, the ADA tester
7  plaintiff only alleged "a general plan to return" to "avail himself" of the defendant's
8  "goods and services and to determine compliance with disability access laws."  2020 WL
9  5517234, at *5 (citation omitted).  The court found such allegations "nothing more than a
10 vague formulaic recitation of an element of ADA standing," and weighted this third factor
11 against the plaintiff's intent-to-return.  *Id.*  By contrast, this third factors favors a
12 plaintiff's intent-to-return where the planned returned is detailed.  *D'Lil v. Best Western*
13 *Encina Lodge & Suites*, 538 F.3d 1031, 1039 (9th Cir. 2008) (plaintiff "gave detailed
14 reasons as to why she would prefer to stay at" defendant's hotel . . . including the hotel's
15 style, price, and location").

16         Here, Plaintiff's Complaint is like the one dismissed in *JKLM Properties*.  *See*
17 2020 WL 5517234, at *5.  Plaintiff alleges he was denied "enjoyment of the services,
18 goods, and amenities [QuikTrip] offers" without identifying those goods, services, or
19 amenities.  [Compl. ¶ 14].  Plaintiff also alleges that he "would return" to the Property,
20 and that he "returns to every Facility after being notified of remediation" to "verify
21 compliance with ADA" standards.  (Compl. ¶¶ 15, 17).

22         Like *JKLM Properties*, Plaintiff only has a "general plan" to "avail himself" of
23 QuikTrip's "goods and services and to determine compliance with disability access laws."
24 2020 WL 5517234, at *5 (citation omitted).  There are no detailed reasons why Plaintiff
25 would return.  Nor "what type of 'goods or services' he seeks at" QuikTrip.  *See id.*  Only
26 "some day" allegations.  *Summers*, 555 U.S. at 496.  Following *JKLM Properties*, this
27 third factor weighs against Plaintiff's intent-to-return.  *See id.*

28               ***iv.***   ***Plaintiff pleads no information on his frequency of***
                    ***travel near the Property***

This fourth factor examines a plaintiff's frequency of travel near the defendant's business. *Chapman*, 631 F.3d at 953. Although Plaintiff alleges that he "regularly shops" at QuikTrip stores in general, (Compl. ¶ 12), this conclusory remark just reiterates the factor. Plaintiff has not shown any frequency of traveling to the Property actually at issue in this case. It follows that this fourth and final factor weighs against plaintiff's intent-to-return.

### 2. Plaintiff Did Not Properly Plead That He is Deterred from Returning to the Property.

Under the deterrence inquiry, the plaintiff suffers imminent injury only if he becomes "aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation[.]" *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002). The inquiry seeks present and future deterrence, not past deterrence. *Id.* at 1138; *Hart v. Kennedy*, No. CV-19-08111-PCT-GMS, 2019 WL 3767005, at *3 (D. Ariz. Aug. 9, 2019) (plaintiff alleging she "*was* deterred" failed to show that "she is *currently* being deterred").

Moreover, "a plaintiff is required to allege 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *JKLM Properties*, 2020 WL 5517234, at *6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff is required to plead *facts*. *Id.*

Here, Plaintiff's "formulaic recitations" of the deterrence inquiry do not show he is actually deterred from returning to the Property. (Compl. ¶ 15) (alleging Plaintiff "is deterred from returning due to the barrier and discriminatory effects of Defendant's policies and procedures."). Especially where Plaintiff allegedly has no issue "regularly" shopping at QuikTrip stores. (*Id.* at ¶ 12). This does not meet the applicable standard of showing future deterrence. *See Lujan*, 504 U.S. at 564; *Pickern*, 293 F.3d at 1138. Plaintiff failed to plead *facts* that he will be deterred from returning. This failure follows the footsteps of the plaintiff in *JKLM Properties*. *See* 2020 WL 5517234, at *7.

1       In *JKLM Properties*, the plaintiff failed to explain the following: why he

2  preferred visiting the defendant's stores to other stores; a specific factual instance of

3  deterrence; factual instances of past patronage; and what goods or services he sought. *Id.*

4  The court found that the plaintiff "has not adequately alleged" deterrence. *Id.*

5       Here, Plaintiff failed to explain the following: why he prefers the Property to

6  other similar stores; a specific *factual* instance of deterrence; *factual* instances of past

7  patronage of the Property; and the specific goods and services for his "personal needs."[4]

8  (Compl. ¶¶ 12, 15). Following *JKLM Properties*, this Court should find that Plaintiff

9  "has not adequately alleged deterrence." 2020 WL 5517234, at *7. Thus, Plaintiff did

10 not meet his burden of demonstrating a real and immediate injury.

11        **B. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be**
   **Granted Because the Complaint Consists Almost Entirely of Legal**

12        **Conclusions Without Plausible Factual Allegations**

13      Under a Rule 12(b)(6) motion for failure to state a claim, a court assesses whether

14 the plaintiff's complaint alone is legally sufficient to state a claim. *See Ashcroft v. Iqbal*,

15 556 U.S., 678 (2009). A claim is subject to dismissal if it fails to state a claim that is

16 "plausible on its face." *Id.* (citation omitted). Any well-pleaded *factual* allegations in the

17 complaint are accepted as true and construed in the light most favorable to the plaintiff.

18 *See id.* Again, "more than labels and conclusions" are needed. *Bell Atlantic Corp. v.*

19 *Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause

20 of action will not do." *Id.*

21      To prevail here, Plaintiff needed factual allegations on how these purported ADA

22 violations relate to a disability. *See Chapman*, 631 F.3d at 949. An alleged barrier must

23 "interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Id.* at 947

24 (quoting 42 U.S.C. § 12182(a)). Plaintiff knew this because he pled such bare legal

25 conclusions. (Compl. ¶ 14) ("Encountering these barriers denied Plaintiff *full and equal*

---

26  [4] This last element is particularly bothersome for Plaintiff. While not clear from the

27  Complaint, it appears that Plaintiff's sole complaints relate to some minor washroom
conditions. This should only deter Plaintiff if and when he happens to be driving by this

28  specific property and needs to use the restroom rather than the panoply of goods and
services for which the Property exists in the first place.

*access and enjoyment* of the services, goods, and amenities [QuikTrip] offers to the public because he was unable to access the restroom safely." (emphasis added)).

Similarly, in *Strojnik v. Ogle*, infamous serial ADA "tester" Peter Strojnik made "a conclusory assertion that a barrier prevents [him] from accessing" an office, but did not "connect the alleged lack of accommodations to" a disability. No. CV-20-08194-PHX-JAT, 2021 WL 1250345, at *3 (D. Ariz. Apr. 5, 2021). Strojnik's complaint was therefore found to be "no more than a slightly-dressed-up survey of Defendants' alleged ADA violations." *Id.* The court found these were not plausible factual allegations. *Id.*

This Court's pen will run dry excising the Complaint's conclusory statements. (Compl. ¶ 30) (listing out ADA standards with mere legal conclusions that QuikTrip is not compliant). Plaintiff never explains *how* these alleged violations relate to a disability. (Compl. ¶ 31) ("These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries."). How "elements of each store" (or the Property) aggravate a specific disability is never explained. This fails to make a plausible factual allegation on how any ADA violations relate to a disability. *Ogle*, 2021 WL 1250345, at *3; *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) (plaintiff's failure to explain how barriers relate to a disability showed there was no concrete and particularized injury). As such, Plaintiff's Complaint is not legally sufficient to state a claim under the ADA. *See id.* This Court should dismiss the Complaint.

## IV.   CONCLUSION

Plaintiff did not meet his burden of pleading an injury-in-fact. As such, Plaintiff lacks standing in this matter and, by extension, this Court lacks subject matter jurisdiction. Moreover, Plaintiff's Complaint does not state a claim upon which relief can be granted when stripped of its conclusory statements. For these reasons, QuikTrip respectfully requests that this Court enter an order granting this motion and dismissing Plaintiff's claims against QuikTrip with prejudice. QuikTrip also requests, should this Court dismiss Plaintiff's Complaint, that QuikTrip be awarded its attorneys' fees and costs incurred as

1  the prevailing party under the ADA.

2

3          RESPECTFULLY SUBMITTED this  8th  day of July, 2021.

4                              SHERMAN & HOWARD L.L.C.

5                              By s/John Alan Doran
                                    John Alan Doran, Esq.
6                                   Jake Tyler Rapp, Esq.
                                    7033 East Greenway Parkway, Suite 250
7                                   Scottsdale, Arizona 85254
                                    Attorneys for Defendant
8

9  ORIGINAL of the foregoing
   e-filed with the Court this
10 8th day of July, 2021

11 With a copy of the foregoing
   e-delivered through
12 ECF system this
   8th day of July, 2021

13

14 Afshin Afsharimehr
   Blackmore Law PLC
15 2828 N. Central Ave.
   Phoenix, AZ 85004
16 afshin@blackmorelawplc.com
   *Attorneys for Plaintiff*
17

18 s/Lori Hinkel

19

20

21

22

23

24

25

26

27

28