# EXHIBIT C

# EXHIBIT C

From PACER  4-21-2021
https://ecf.azd.uscourts.gov/cgi-bin/iquery.pl?114865772106431-L_1_0-1

**Daimeon Mosley is a plaintiff in 179 cases.**

| | | | |
|---|---|---|---|
| 2:15-cv-02223-BSB | Mosley v. Fire House Management LLC et al | filed 11/04/15 | closed 02/26/16 |
| 2:15-cv-02233-JJT | Mosley v. Z Good Family Holdings LLC et al | filed 11/05/15 | closed 01/29/16 |
| 2:15-cv-02250-DMF | Mosley v. Four Horsemen and a Rose Incorporated et al | filed 11/09/15 | closed 03/21/16 |
| 2:15-cv-02251-DKD | Mosley v. Slocor LLC et al | filed 11/09/15 | closed 03/21/16 |
| 2:15-cv-02275-DKD | Mosley v. Downright Manager LLC et al | filed 11/10/15 | closed 02/22/16 |
| 2:15-cv-02276-GMS | Mosley v. Sushi Brokers LLC et al | filed 11/10/15 | closed 06/22/16 |
| 2:15-cv-02286-JZB | Mosley v. Angry Crab Shack Corporation et al | filed 11/12/15 | closed 03/21/16 |
| 2:15-cv-02287-NVW | Mosley v. Angry Crab Shack BBQ LLC et al | filed 11/12/15 | closed 03/02/16 |
| 2:15-cv-02306-DKD | Mosley v. Bootleggers Scottsdale LLC et al | filed 11/13/15 | closed 04/06/16 |
| 2:15-cv-02327-GMS | Mosley v. 7277 Scottsdale Hotel LLC et al | filed 11/17/15 | closed 03/09/16 |
| 2:15-cv-02329-ESW | Mosley v. Fairmont Hotels & Resorts (U.S.) Incorporated et al | filed 11/17/15 | closed 03/01/16 |
| 2:15-cv-02331-DGC | Mosley v. SHR FSST LLC et al | filed 11/17/15 | closed 03/02/16 |
| 2:15-cv-02342-NVW | Mosley v. CF Stonecreek Arcis LLC et al | filed 11/18/15 | closed 04/11/16 |
| 2:15-cv-02343-SRB | Mosley v. Black Canyon Brewing LLC et al | filed 11/18/15 | closed 02/12/16 |

| | | | |
|---|---|---|---|
| [2:15-cv-02405-JAT](#) | Mosley v. KHP Scottsdale Hotel LLC et al | filed 11/24/15 | closed 02/04/16 |
| [2:15-cv-02406-ROS](#) | Mosley v. Grace Inns of Arizona Incorporated et al | filed 11/24/15 | closed 02/17/16 |
| [2:15-cv-02408-SPL](#) | Mosley v. Western Host Incorporated et al | filed 11/24/15 | closed 02/19/16 |
| [2:15-cv-02410-SRB](#) | Mosley v. Sydell Scottsdale LLC et al | filed 11/24/15 | closed 04/19/16 |
| [2:15-cv-02411-DGC](#) | Mosley v. Tavistock Restaurants III LLC et al | filed 11/24/15 | closed 04/06/16 |
| [2:15-cv-02412-ROS](#) | Mosley v. PCCP DCP Phoenix Hotel LLC et al | filed 11/24/15 | closed 02/02/16 |
| [2:15-cv-02443-SRB](#) | Mosley v. HAAS Enterprises Incorporated et al | filed 12/01/15 | closed 03/18/16 |
| [2:15-cv-02590-ESW](#) | Mosley v. Lowe's Home Centers LLC et al | filed 12/21/15 | closed 02/22/16 |
| [2:15-cv-02591-JWS](#) | Mosley v. Camelback Properties Inn Incorporated et al | filed 12/21/15 | closed 03/16/16 |
| [2:15-cv-02592-DJH](#) | Mosley v. Saks & Company LLC et al | filed 12/21/15 | closed 05/04/16 |
| [2:15-cv-02593-DGC](#) | Mosley v. Neiman Marcus Group LLC et al | filed 12/21/15 | closed 06/06/16 |
| [2:15-cv-02594-DGC](#) | Mosley v. Euromarket Designs Incorporated et al | filed 12/21/15 | closed 03/01/16 |
| [2:15-cv-02650-DMF](#) | Mosley v. Macy's West Stores Incorporated et al | filed 12/30/15 | closed 04/18/16 |
| [2:15-cv-02651-DLR](#) | Mosley v. Two Brothers VII Incorporated et al | filed 12/30/15 | closed 09/09/16 |
| [2:16-cv-00038-SRB](#) | Mosley v. Francisco Grande USA Incorporated et al | filed 01/07/16 | closed 03/24/16 |
| [2:16-cv-00323-DGC](#) | Mosley v. Bink's of Scottsdale LLC, et al | filed 02/04/16 | closed 04/08/16 |
| [2:16-cv-00324-NVW](#) | Mosley v. S R I Investments Incorporated et al | filed 02/04/16 | closed 05/31/16 |

| | | | |
|---|---|---|---|
| 2:16-cv-00328-DJH | Mosley v. Ace Place Holdings LLC et al | filed 02/04/16 | closed 04/17/17 |
| 2:16-cv-00329-NVW | Mosley v. Stiletto Enterprises LLC et al | filed 02/04/16 | closed 08/10/16 |
| 2:16-cv-00432-GMS | Mosley v. Covered Wagon LLC et al | filed 02/16/16 | closed 06/01/16 |
| 2:16-cv-00433-NVW | Mosley v. Apache Palms RV Park LLC et al | filed 02/16/16 | closed 05/23/16 |
| 2:16-cv-00434-DJH | Mosley v. Desert Shadows RV Resort LLC et al | filed 02/16/16 | closed 06/30/16 |
| 2:16-cv-00436-DGC | Mosley v. Prosperity Mobile Home Parks LLC et al | filed 02/16/16 | closed 08/09/16 |
| 2:16-cv-00769-ESW | Mosley v. Macy's West Stores Incorporated | filed 03/22/16 | closed 08/24/16 |
| 2:16-cv-01044-BSB | Mosley v. JC&GH LLC et al | filed 04/14/16 | closed 10/17/16 |
| 2:16-cv-01045-DJH | Mosley v. Julez LLC et al | filed 04/14/16 | closed 07/07/16 |
| 2:16-cv-01046-SPL | Mosley v. Bluewater Phoenix LP et al | filed 04/14/16 | closed 03/21/17 |
| 2:16-cv-01047-BSB | Mosley v. Hopkins Enterprise LLC et al | filed 04/14/16 | closed 07/06/16 |
| 2:16-cv-01118-DGC | Mosley v. Jackson's Food Stores Incorporated et al | filed 04/19/16 | closed 09/27/16 |
| 2:16-cv-01119-GMS | Mosley v. SSTJB Investments LLC et al | filed 04/19/16 | closed 07/18/16 |
| 2:16-cv-01120-DLR | Mosley v. 007 Pub LLC et al | filed 04/19/16 | closed 10/07/16 |
| 2:16-cv-01122-BSB | Mosley v. Cabellos Enterprises LLC et al | filed 04/19/16 | closed 07/06/16 |
| 2:16-cv-01124-ROS | Mosley v. Deems Incorporated et al | filed 04/19/16 | closed 08/11/16 |
| 2:16-cv-01158-ESW | Mosley v. Gudrun Evans Incorporated et al | filed 04/21/16 | closed 11/16/16 |

| | | | |
|---|---|---|---|
| [2:16-cv-01163-SPL](#) | Mosley v. Leighton Steele LLC et al | filed 04/21/16 | closed 08/30/16 |
| [2:16-cv-01166-ESW](#) | Mosley v. Claim Jumper Restaurant (Phoenix) LLC et al | filed 04/21/16 | closed 07/20/16 |
| [2:16-cv-01169-NVW](#) | Mosley v. Soco Restaurants LLC et al | filed 04/21/16 | closed 09/07/16 |
| [2:16-cv-01170-DGC](#) | Mosley v. Richardson's Wholesale Incorporated et al | filed 04/21/16 | closed 11/17/16 |
| [2:16-cv-01172-DGC](#) | Mosley v. Arabian Room Cocktail Lounge Incorporated et al | filed 04/21/16 | closed 06/30/16 |
| [2:16-cv-01173-JZB](#) | Mosley v. Do Drop In LLC et al | filed 04/21/16 | closed 07/21/16 |
| [2:16-cv-01435-NVW](#) | Mosley v. D-4 Incorporated et al | filed 05/10/16 | closed 11/04/16 |
| [2:16-cv-01436-SPL](#) | Mosley v. Eddie's Holding LLC et al | filed 05/10/16 | closed 06/15/16 |
| [2:16-cv-01438-GMS](#) | Mosley v. My Mother's Restaurant Incorporated et al | filed 05/10/16 | closed 07/05/16 |
| [2:16-cv-01439-MHB](#) | Mosley v. Segal's One Stop LLC et al | filed 05/10/16 | closed 08/22/16 |
| [2:16-cv-01449-GMS](#) | Mosley v. South Bridge LLC et al | filed 05/12/16 | closed 06/28/16 |
| [2:16-cv-01451-ESW](#) | Mosley v. Linger Longer LLC et al | filed 05/12/16 | closed 06/21/16 |
| [2:16-cv-01458-NVW](#) | Mosley v. Classic Hamburgers Incorporated et al | filed 05/12/16 | closed 08/30/16 |
| [2:16-cv-01459-DJH](#) | Mosley v. Voss Enterprises LLC et al | filed 05/12/16 | closed 10/12/16 |
| [2:16-cv-01499-JWS](#) | Mosley v. Crying Onion Cafe & Catering LLC et al | filed 05/10/16 | closed 07/14/16 |
| [2:16-cv-01501-JZB](#) | Mosley v. Platious Food & Beverage LLC et al | filed 05/17/16 | closed 07/29/16 |
| [2:16-cv-01503-DKD](#) | Mosley v. Larry's Place LLC et al | filed 05/17/16 | closed 09/15/16 |

| | | | |
|---|---|---|---|
| 2:16-cv-01504-BSB | Mosley v. BF Reading LLC et al | filed 05/17/16 | closed 09/27/16 |
| 2:16-cv-01505-DJH | Mosley v. T-West Incorporated et al | filed 05/17/16 | closed 09/13/16 |
| 2:16-cv-01506-ESW | Mosley v. D.B. Haus LLC et al | filed 05/17/16 | closed 10/18/16 |
| 2:16-cv-01508-SRB | Mosley v. Roscoes on 7th Corporation et al | filed 05/17/16 | closed 09/01/16 |
| 2:16-cv-01509-DLR | Mosley v. Texaz Grill Incorporated et al | filed 05/17/16 | closed 07/26/16 |
| 2:16-cv-01510-NVW | Mosley v. George and Dragon Incorporated et al | filed 05/17/16 | closed 07/25/16 |
| 2:16-cv-01511-MHB | Mosley v. MG Feeney's Restaurant Enterprises LLC et al | filed 05/17/16 | closed 09/26/16 |
| 2:16-cv-01544-SPL | Mosley v. Rips Holding Company LLC et al | filed 05/19/16 | closed 07/29/16 |
| 2:16-cv-01546-ROS | Mosley v. Harvey's Incorporated et al | filed 05/19/16 | closed 07/26/16 |
| 2:16-cv-01547-DLR | Mosley v. Tee Pee Mexican Foods Incorporated et al | filed 05/19/16 | closed 03/09/17 |
| 2:16-cv-01550-BSB | Mosley v. C.J. Talley's Pub LLC et al | filed 05/19/16 | closed 04/04/17 |
| 2:16-cv-01551-SRB | Mosley v. Uncle Shady's LLC et al | filed 05/19/16 | closed 09/20/16 |
| 2:16-cv-01590-JJT | Mosley v. Durant's Fine Foods Incorporated et al | filed 05/24/16 | closed 08/25/16 |
| 2:16-cv-01591-BSB | Mosley v. Swizzle III Incorporated et al | filed 05/24/16 | closed 07/15/16 |
| 2:16-cv-01592-DLR | Mosley v. Coronado Phx LLC et al | filed 05/24/16 | closed 08/09/16 |
| 2:16-cv-01594-GMS | Mosley v. Wanderin LLV et al | filed 05/24/16 | closed 08/30/16 |
| 2:16-cv-01596-JZB | Mosley v. Spikes 1 LLC et al | filed 05/24/16 | closed 04/14/17 |

| | | | |
|---|---|---|---|
| [2:16-cv-01597-MHB](#) | Mosley v. Todo Incorporated et al | filed 05/24/16 | closed 09/15/16 |
| [2:16-cv-01598-DGC](#) | Mosley v. Yaderhey LLC et al | filed 05/24/16 | closed 09/30/16 |
| [2:16-cv-01620-DGC](#) | Mosley v. Hopdoddy Scottsdale LLC et al | filed 05/26/16 | closed 08/22/16 |
| [2:16-cv-01621-GMS](#) | Mosley v. WG Barcorp Incorporated et al | filed 05/26/16 | closed 10/11/16 |
| [2:16-cv-01622-BSB](#) | Mosley v. B3K Management Team LLC et al | filed 05/26/16 | closed 11/22/16 |
| [2:16-cv-01623-SPL](#) | Mosley v. Red Devil Italian Restaurant and Pizzeria Incorporated et al | filed 05/26/16 | closed 07/26/16 |
| [2:16-cv-01683-SPL](#) | Mosley v. Caruso Investment Company Incorporated et al | filed 05/31/16 | closed 08/15/16 |
| [2:16-cv-01684-DLR](#) | Mosley v. PDJ & Associates Incorporated et al | filed 05/31/16 | closed 08/08/16 |
| [2:16-cv-01686-DGC](#) | Mosley v. E & J Fuller LLC et al | filed 05/31/16 | closed 07/12/16 |
| [2:16-cv-01688-JAT](#) | Mosley v. Scc A-M Club LLC et al | filed 05/31/16 | closed 09/15/16 |
| [2:16-cv-01689-SPL](#) | Mosley v. So-Pal Enterprises Incorporated et al | filed 05/31/16 | closed 08/01/16 |
| [2:16-cv-01690-JJT](#) | Mosley v. S4251 LLC et al | filed 05/31/16 | closed 07/15/16 |
| [2:16-cv-01732-DGC](#) | Mosley v. Hashimoto Holdings LLC et al | filed 06/02/16 | closed 10/04/16 |
| [2:16-cv-01733-JWS](#) | Mosley v. Daddy's Ddtk Incorporated et al | filed 06/02/16 | closed 10/06/16 |
| [2:16-cv-01734-DKD](#) | Mosley v. Good Fellas Social Club LLC et al | filed 06/02/16 | closed 10/26/16 |
| [2:16-cv-01735-DKD](#) | Mosley v. A.P.J. Enterprises Incorporated et al | filed 06/02/16 | closed 10/25/16 |
| [2:16-cv-01736-GMS](#) | Mosley v. Restaurant Partners LLC et al | filed 06/02/16 | closed 08/25/16 |

| | | | |
|---|---|---|---|
| 2:16-cv-01737-JJT | Mosley v. Spontaneous Ventures LLC et al | filed 06/02/16 | closed 08/11/16 |
| 2:16-cv-01738-DJH | Mosley v. Camcor Incorporated et al | filed 06/02/16 | closed 09/20/16 |
| 2:16-cv-01781-MHB | Mosley v. Payson Hospitality Group LLC et al | filed 06/07/16 | closed 11/04/16 |
| 2:16-cv-01783-SPL | Mosley v. Hardscrabble Investments Incorporated et al | filed 06/07/16 | closed 07/21/16 |
| 2:16-cv-01784-JZB | Mosley v. Star Lite LLC et al | filed 06/07/16 | closed 08/18/16 |
| 2:16-cv-01786-ROS | Mosley v. HTNB Ventures LLC et al | filed 06/07/16 | closed 02/13/17 |
| 2:16-cv-01787-DMF | Mosley v. Pinon Cafe LLC et al | filed 06/07/16 | closed 09/14/16 |
| 2:16-cv-01827-ROS | Mosley v. Cucina Paradiso Incorporated et al | filed 06/09/16 | closed 10/12/16 |
| 2:16-cv-01828-NVW | Mosley v. CST Arizona Stations Incorporated et al | filed 06/09/16 | closed 09/01/16 |
| 2:16-cv-01829-DLR | Mosley v. Carioca Company et al | filed 06/09/16 | closed 11/01/16 |
| 2:16-cv-01830-GMS | Mosley v. Kimo Enterprises LLC et al | filed 06/09/16 | closed 03/29/17 |
| 2:16-cv-01831-DGC | Mosley v. Reign of Thai LLC et al | filed 06/09/16 | closed 08/23/16 |
| 2:19-cv-05883-DLR | Mosley v. Crown Hotels LLC | filed 12/23/19 | closed 04/09/20 |
| 2:19-cv-05885-SMB | Mosley v. Scottsdale Plaza Resort LLC | filed 12/23/19 | |
| 2:19-cv-05888-DWL | Mosley v. New Crescent Investments LLC | filed 12/23/19 | closed 03/27/20 |
| 2:19-cv-05889-JAT | Mosley v. Lowe's Home Centers LLC | filed 12/23/19 | closed 08/07/20 |
| 2:19-cv-05890-SPL | Mosley v. Boston Market Corporation | filed 12/23/19 | closed 08/04/20 |

| | | | |
|---|---|---|---|
| 2:20-cv-01931-MTM | Mosley v. Albertsons LLC | filed 10/05/20 | |
| 2:20-cv-01934-DJH | Mosley v. Arizona CVS Stores LLC | filed 10/05/20 | |
| 2:20-cv-01937-SMB | Mosley v. QuikTrip Corporation | filed 10/05/20 | |
| 2:20-cv-01938-DJH | Mosley v. In-N-Out Burgers Incorporated | filed 10/05/20 | |
| 2:20-cv-01939-DLR | Mosley v. Bashas' Incorporated | filed 10/05/20 | closed 03/30/21 |
| 2:20-cv-01942-SMB | Mosley v. Walgreen Arizona Drug Company | filed 10/05/20 | closed 04/01/21 |
| 2:20-cv-01943-DLR | Mosley v. Smith's Food & Drug Centers Incorporated | filed 10/05/20 | |
| 2:20-cv-01944-DLR | Mosley v. Safeway Incorporated | filed 10/05/20 | closed 02/19/21 |
| 3:16-cv-08029-DKD | Mosley v. Sweetwater Properties LLC et al | filed 02/16/16 | closed 04/27/16 |
| 3:16-cv-08030-JZB | Mosley v. R.V. Resorts of America LLC et al | filed 02/16/16 | closed 05/02/16 |
| 3:16-cv-08031-SPL | Mosley v. HFRV LLC et al | filed 02/16/16 | closed 04/08/16 |
| 3:16-cv-08034-JJT | Mosley v. BJ's Tavern LLC et al | filed 02/18/16 | closed 01/04/17 |
| 3:16-cv-08035-ESW | Mosley v. Desert Martini & Tavern Corporation et al | filed 02/18/16 | closed 06/03/16 |
| 3:16-cv-08036-DGC | Mosley v. No Name Public House LLC et al | filed 02/18/16 | closed 05/19/16 |
| 3:16-cv-08037-BSB | Mosley v. Havasu Lanes Incorporated et al | filed 02/18/16 | closed 03/28/16 |
| 3:16-cv-08038-DJH | Mosley v. London Bridge Resort LLC et al | filed 02/18/16 | closed 06/28/16 |
| 3:16-cv-08039-DJH | Mosley v. Makai Corporation et al | filed 02/18/16 | closed 09/01/16 |

| | | | |
|---|---|---|---|
| 3:16-cv-08088-DLR | Mosley v. Vanlandingham Properties LLC et al | filed 05/10/16 | closed 06/27/16 |
| 3:16-cv-08089-DLR | Mosley v. JDL LLC et al | filed 05/10/16 | closed 09/01/16 |
| 3:16-cv-08090-JZB | Mosley v. Cuvee 928 LLC et al | filed 05/10/16 | closed 10/13/16 |
| 3:16-cv-08091-SRB | Mosley v. Flagstone Wine LLC et al | filed 05/10/16 | closed 11/03/16 |
| 3:16-cv-08092-DKD | Mosley v. Creek Side Kitchen Incorporated et al | filed 05/12/16 | closed 09/07/16 |
| 3:16-cv-08096-JAT | Mosley v. Josephine's Restaurant Incorporated et al | filed 05/17/16 | closed 09/01/16 |
| 3:16-cv-08097-SRB | Mosley v. Curran's Specialty Chais & Teas LLC | filed 05/19/16 | closed 09/15/16 |
| 3:16-cv-08098-NVW | Mosley v. Red Dirt Entertainment LLC et al | filed 05/19/16 | closed 10/26/16 |
| 3:16-cv-08099-GMS | Mosley v. Dark Sky Brewing Company LLC et al | filed 05/19/16 | closed 07/25/16 |
| 3:16-cv-08102-MHB | Mosley v. Led's Better Pizza Corporation et al | filed 05/24/16 | closed 08/31/16 |
| 3:16-cv-08104-DLR | Mosley v. WOCRA LLC et al | filed 05/24/16 | closed 10/21/16 |
| 3:16-cv-08105-DMF | Mosley v. Pasta Works Incorporated et al | filed 05/24/16 | closed 10/20/16 |
| 3:16-cv-08106-NVW | Mosley v. Monte Vista Hotel Incorporated et al | filed 05/24/16 | closed 08/15/16 |
| 3:16-cv-08108-DLR | Mosley v. Cenare Fuori LLC et al | filed 05/26/16 | closed 09/01/16 |
| 3:16-cv-08109-DGC | Mosley v. Weatherford Hotel Incorporated et al | filed 05/26/16 | closed 09/26/16 |
| 3:16-cv-08110-JWS | Mosley v. Ponderosa Bar & Grill LLC et al | filed 05/26/16 | closed 08/02/16 |
| 3:16-cv-08114-SRB | Mosley v. Majerle's Sports Grill LLC et al | filed 06/02/16 | closed 10/07/16 |

| | | | |
|---|---|---|---|
| 3:16-cv-08115-JWS | Mosley v. Bar 66 LLC et al | filed 06/02/16 | closed 06/29/16 |
| 4:15-cv-00590-RM | Mosley v. Guest Ranch Resort II LLC et al | filed 12/21/15 | closed 04/01/16 |
| 4:15-cv-00591-JGZ | Mosley v. Dove Mountain Hotelco LLC et al | filed 12/21/15 | closed 02/29/16 |
| 4:15-cv-00601-JGZ | Mosley v. Humble Pie Tucson LLC et al | filed 12/30/15 | closed 02/29/16 |
| 4:15-cv-00602-CKJ | Mosley v. Oracle Plaza LLC et al | filed 12/30/15 | closed 04/06/16 |
| 4:15-cv-00605-LAB | Mosley v. Petsmart Incorporated et al | filed 12/30/15 | closed 02/02/16 |
| 4:16-cv-00013-RM | Mosley v. Trader Joe's Company et al | filed 01/07/16 | closed 03/08/16 |
| 4:16-cv-00014-JAS | Mosley v. Golfsmith LLC et al | filed 01/07/16 | closed 01/18/17 |
| 4:16-cv-00015-JGZ | Mosley v. Dbnch Circle LLC et al | filed 01/07/16 | closed 03/09/16 |
| 4:16-cv-00016-CKJ | Mosley v. Williams-Sonoma Incorporated et al | filed 01/07/16 | closed 02/02/16 |
| 4:16-cv-00076-JGZ | Mosley v. Agro Land & Cattle Company Incorporated et al | filed 02/04/16 | closed 05/25/16 |
| 4:16-cv-00077-BGM | Mosley v. LVC Hotel LLC et al | filed 02/04/16 | closed 08/12/16 |
| 4:16-cv-00092-CKJ | Mosley v. Santa Fe Hospitality LLC et al | filed 02/17/16 | closed 08/30/16 |
| 4:16-cv-00093-JAS | Mosley v. Starr Pass Resort Developments LLC et al | filed 02/17/16 | closed 06/07/16 |
| 4:16-cv-00095-DCB | Mosley v. Handcar Incorporated et al | filed 02/18/16 | closed 04/11/16 |
| 4:16-cv-00121-RCC | Mosley v. Sabine Blaese Enterprises LLC et al | filed 03/03/16 | closed 08/18/16 |
| 4:16-cv-00122-JGZ | Mosley v. Auld Dubliner-Tucson LLC et al | filed 03/03/16 | closed 06/14/16 |

| | | | |
|---|---|---|---|
| 4:16-cv-00123-JGZ | Mosley v. No Anchovies! LLC et al | filed 03/03/16 | closed 04/13/17 |
| 4:16-cv-00124-BGM | Mosley v. Raetz Enterprises Incorporated et al | filed 03/03/16 | closed 09/02/16 |
| 4:16-cv-00125-DTF | Mosley v. Mediterranean Enterprises LLC et al | filed 03/03/16 | closed 07/05/16 |
| 4:16-cv-00163-BGM | Mosley v. Macy's West Stores Incorporated et al | filed 03/22/16 | closed 09/27/16 |
| 4:16-cv-00268-JAS | Mosley v. Crying Onion Cafe & Catering LLC et al | filed 05/10/16 | closed 05/17/16 |
| 4:16-cv-00287-DTF | Mosley v. Bowlin Travel Centers Incorporated et al | filed 05/19/16 | closed 08/01/16 |
| 4:16-cv-00304-JAS | Mosley v. Ghini's French Cafe LLC et al | filed 05/26/16 | closed 07/25/16 |
| 4:16-cv-00314-BPV | Mosley v. Athens on Fourth Avenue LLC et al | filed 05/31/16 | closed 04/14/17 |
| 4:16-cv-00315-CKJ | Mosley v. Caruso's Restaurant Incorporated et al | filed 05/31/16 | closed 12/14/16 |
| 4:16-cv-00316-DCB | Mosley v. Firehouse Brewing Company Incorporated et al | filed 05/31/16 | closed 08/02/16 |
| 4:16-cv-00317-DTF | Mosley v. Hi Fi Tucson LLC et al | filed 05/31/16 | closed 09/06/16 |
| 4:16-cv-00320-LAB | Mosley v. Pelio Grill LLC et al | filed 06/02/16 | closed 07/05/16 |

# EXHIBIT D

# EXHIBIT D

Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley, | No. |
|       Plaintiff, | |
| v. | |
| In-N-Out Burgers, Inc., a California corporation, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
|       Defendant. | |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by In-N-Out Burgers, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a corporation with its registered office located at 8825 N 23rd Ave, Suite 100, Phoenix, AZ 85021.

5. Upon information and belief, Defendant owns or operates "In-N-Out" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

12. Plaintiff regularly eats at Defendant's restaurants in Phoenix and its surrounding cities because of the quality of the food and service.

2

13.     Unfortunately Plaintiff encountered barriers to access at two of Defendant's restaurants.

14.     Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15.     Plaintiff is a customer of Defendant and would return to the restaurants if Defendant modifies the restaurants and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16.     Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18.     Plaintiff incorporates the above paragraphs by reference.

19.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2)

Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21. Plaintiff incorporates the above paragraphs by reference.

22. In-N-Out is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24. The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25. The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on May 21, 2020, at the Facility located at 7467 E Frank Lloyd Wright Blvd, Scottsdale, AZ 85260:

    a. Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

        iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

        iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

5

     v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

     vi. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

     vii. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

     viii. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

     ix. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

31. Plaintiff personally encountered architectural barriers on May 29, 2020, at the Facility located at 2790 W Chandler Blvd, Chandler, AZ 85224:

  a. Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

     ii.  Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

     iii.  Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

     iv.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

     v.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

32. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each restaurant due to the risk of aggravating his injuries.

33. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the restaurants.

34. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the restaurants in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in

7

the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a),

12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

36.     Defendant has discriminated and continues to discriminate against Plaintiff

(and others who are similarly situated) by denying access to full and equal enjoyment of

goods, services, facilities, privileges, advantages, or accommodations located at the

restaurants due to the barriers and other violations listed in this Complaint.

37.     It would be readily achievable for Defendant to remove all of the barriers at

the restaurants.

38.     Failing to remove barriers to access where it is readily achievable is

discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a),

12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the

ADA;

B.     enter an Order requiring Defendant make the Facility accessible to and

usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     enter an Order directing Defendant to evaluate and neutralize its policies,

practices, and procedures towards persons with disabilities;

D.     award Plaintiff attorney fees, costs (including, but not limited to court costs

and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E.     grant any other such relief as the Court deems just and proper.

8

1

2          Respectfully Submitted,

3          BLACKMORE LAW PLC

4          By:   /s/ Afshin Afsharimehr

5          Afshin Afsharimehr

6          *Attorney for Plaintiff*

   Dated: October 5, 2020
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# EXHIBIT E

# EXHIBIT E

Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley, | No. |
| Plaintiff, | |
| v. | |
| Arizona CVS Stores, L.L.C., an Arizona limited liability company, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendant. | |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Arizona CVS Stores, L.L.C. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a limited liability company with its registered office located at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012.

5. Upon information and belief, Defendant owns or operates "CVS" a national chain of stores whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

12.     Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for personal needs and to occasionally fill prescriptions based on which location is most convenient to him.

13.     Plaintiff encountered barriers to access at two of Defendant's stores over approximately a two-week period, primarily in each of the store's restroom(s).

14.     Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15.     Plaintiff is a customer of Defendant and would return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16.     Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18.     Plaintiff incorporates the above paragraphs by reference.

3

19. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21. Plaintiff incorporates the above paragraphs by reference.

22. CVS is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24. The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25. The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on March 20, 2020, at the Facility located at 14672 N Frank Lloyd Wright Blvd, Scottsdale, AZ 85260:

    a. Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Not providing enough clear floor space around a water closet as required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of the Standards.

        iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

5

iv. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

v. Providing a urinal where the horizontal projection of the urinal is not at a minimum of 13.5 inches as required by sections 605 and 605.2 of the Standards.

vi. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

viii. Not providing flush controls located on the open side of the water closet as required by sections 309, 309.4, 604 and 604.6 of the Standards.

31. Plaintiff personally encountered architectural barriers on April 4, 2020, at the Facility located at 305 E Brown Rd, Mesa, AZ 85201:

a. Restroom:

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

6

    ii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

    iii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

    iv. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

32. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries.

33. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the stores.

34. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

36. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of

1    goods, services, facilities, privileges, advantages, or accommodations located at the stores

2    due to the barriers and other violations listed in this Complaint.

3         37.    It would be readily achievable for Defendant to remove all of the barriers at

4    the stores.

5         38.    Failing to remove barriers to access where it is readily achievable is

6    discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a),

7    12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

8    **RELIEF REQUESTED**

9    WHEREFORE, Plaintiff respectfully requests that this Court:

10        A.    declare that the Facility identified in this Complaint is in violation of the

11   ADA;

12        B.    enter an Order requiring Defendant make the Facility accessible to and

13   usable by individuals with disabilities to the full extent required by Title III of the ADA;

14        C.    enter an Order directing Defendant to evaluate and neutralize its policies,

15   practices, and procedures towards persons with disabilities;

16        D.    award Plaintiff attorney fees, costs (including, but not limited to court costs

17   and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

18        E.    grant any other such relief as the Court deems just and proper.

19

20

21

22

Respectfully Submitted,

BLACKMORE LAW PLC

By:   /s/ Afshin Afsharimehr

Afshin Afsharimehr
*Attorney for Plaintiff*

Dated: October 5, 2020