# EXHIBIT F

# EXHIBIT F

Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley, | No. |
| Plaintiff, | |
| v. | |
| Walgreen Arizona Drug Co., an Arizona corporation, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendant. | |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Walgreen Arizona Drug Co. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a corporation with its registered office located at 8825 N 23rd Avenue, Suite 100, Phoenix, AZ 85021.

5. Upon information and belief, Defendant owns or operates "Walgreens" a national chain of stores whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These physical impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's physical impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

12.     Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for personal needs and to occasionally fill prescriptions based on which location is most convenient to him.

13.     Plaintiff encountered barriers to access at five of Defendant's stores over a two-week period, primarily in each of the store's restroom(s).

14.     Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15.     Plaintiff is a customer of Defendant and would return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16.     Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18.     Plaintiff incorporates the above paragraphs by reference.

3

19.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

### COUNT II
### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21.     Plaintiff incorporates the above paragraphs by reference.

22.     Walgreens is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

23.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24.     The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25.     The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

4

26. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on March 21, 2020, at the Facility located at 8015 E Indian School Rd, Scottsdale, AZ 85251:

    a. Parking Area:

        i. Not providing a sign for disabled parking at the proper height as required by sections 502 and 502.6 of the Standards.

    b. Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards.

5

    iii. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    iv. Not providing a coat hook within the proper reach ranges for a person with a disability as required by sections 603, 603.4 and 308 of the Standards.

    v. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

    vi. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

  31. Plaintiff personally encountered architectural barriers on March 30, 2020, at the Facility located at 1825 W Bethany Home Rd, Phoenix, AZ 85015:

   a. Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

    ii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

        iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

        iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

        v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

        vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

        vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

32. Plaintiff personally encountered architectural barriers on April 1, 2020, at the Facility located at 8469 E McDonald Dr, Scottsdale, AZ 85250:

    a. Restroom:

        i. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

7

ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

iii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

iv. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

v. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

viii. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

33. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Facility located at 1135 N Mesa Dr, Mesa, AZ 85201:

a. Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

    ii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

    iii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

    iv. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

    v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    vi. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

b. Parking Area:

9

1                      i.   Not providing a sign for disabled parking at the proper height as

2                          required by sections 502 and 502.6 of the Standards.

3         34.     Plaintiff personally encountered architectural barriers on April 4, 2020, at

4  the Facility located at 10135 E Via Linda, Scottsdale, AZ 85258:

5        a.   Restroom:

6                      i.   Providing a gate or door with a continuous opening pressure of

7                          greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9

8                          and 309.4 of the Standards.

9                   ii.   Not providing enough clear floor space around a water closet as

10                         required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of

11                         the Standards.

12                  iii.   Not providing the proper insulation or protection for plumbing or

13                         other sharp or abrasive objects under a sink or countertop as required

14                         by sections 606 and 606.5 of the Standards.

15                  iv.   Not providing the proper spacing between a grab bar and an object

16                         projecting out of the wall as required by sections 609, 609.1 and

17                         609.3 of the Standards.

18                  v.   Providing grab bars of improper horizontal length or spacing as

19                         required along the rear or side wall as required by sections 604,

20                         604.5, 604.5.1 and 604.5.2 of the Standards.

21

22

vi. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

vii. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

viii. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

ix. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

x. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

35. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries.

36. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the stores.

37. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

39. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the stores due to the barriers and other violations listed in this Complaint.

40. It would be readily achievable for Defendant to remove all of the barriers at the stores.

41. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the stores identified in this Complaint is in violation of the ADA;

B. enter an Order requiring Defendant make the stores accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

12

D.    award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E.    grant any other such relief as the Court deems just and proper.


Respectfully Submitted,

BLACKMORE LAW PLC

By:   /s/ Afshin Afsharimehr

Afshin Afsharimehr

*Attorney for Plaintiff*


Dated: October 5, 2020

# EXHIBIT G

# EXHIBIT G

Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley,<br><br>     Plaintiff,<br><br>v.<br><br>Smith's Food & Drug Centers, Inc., an Ohio corporation,<br><br>     Defendant. | No.<br><br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Smith's Food & Drug Centers, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a corporation with its registered office located at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

5. Upon information and belief, Defendant owns or operates "Fry's" an area grocery store whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

2

12.     Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for personal needs and to occasionally fill prescriptions based on which location is most convenient to him.

13.     Plaintiff encountered barriers to access at five of Defendant's stores over approximately a two-week period, primarily in each of the store's restroom(s).

14.     Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15.     Plaintiff is a customer of Defendant and would return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16.     Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18.     Plaintiff incorporates the above paragraphs by reference.

3

19.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21.     Plaintiff incorporates the above paragraphs by reference.

22.     Fry's is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24.     The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25.     The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26.     The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27.     The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28.     Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30.     Plaintiff personally encountered architectural barriers on April 1, 2020, at the Facility located at 4842 E Bell Rd, Scottsdale, AZ 85254:

a.  Restroom:

    i.  Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

    ii.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

vii. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

viii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

31. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Facility located at 1311 Bell Rd, Phoenix, AZ 85022:

a. Restroom:

6

     i. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

     ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

     iii. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

     iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

     v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

     vi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

  32. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Facility located at 1815 W Glendale Ave, Phoenix, AZ 85021:

    a. Restroom:

          i.   Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

          ii.   Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

          iii.   Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

          iv.   Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

          v.   Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

          vi.   Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

33.    Plaintiff personally encountered architectural barriers on April 6, 2020, at the Facility located at 8900 E Via Linda, Scottsdale, AZ 85258:

    a.  Restroom:

       i.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

      ii.  Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    iii.  Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

     iv.  Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

34.     Plaintiff personally encountered architectural barriers on April 10, 2020, at the Facility located at 3246 E Bell Rd, Phoenix, AZ 85032:

   a.  Restroom:

       i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      ii.  Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

9

    iii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

    iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

    v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    vi. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

35. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries.

36. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the stores.

37. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in

1  the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a),

2  12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

3      39.    Defendant has discriminated and continues to discriminate against Plaintiff

4  (and others who are similarly situated) by denying access to full and equal enjoyment of

5  goods, services, facilities, privileges, advantages, or accommodations located at the stores

6  due to the barriers and other violations listed in this Complaint.

7      40.    It would be readily achievable for Defendant to remove all of the barriers at

8  the stores.

9      41.    Failing to remove barriers to access where it is readily achievable is

10  discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a),

11  12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

12                           **RELIEF REQUESTED**

13  WHEREFORE, Plaintiff respectfully requests that this Court:

14      A.    declare that the Facility identified in this Complaint is in violation of the

15  ADA;

16      B.    enter an Order requiring Defendant make the Facility accessible to and

17  usable by individuals with disabilities to the full extent required by Title III of the ADA;

18      C.    enter an Order directing Defendant to evaluate and neutralize its policies,

19  practices, and procedures towards persons with disabilities;

20      D.    award Plaintiff attorney fees, costs (including, but not limited to court costs

21  and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

22      E.    grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

BLACKMORE LAW PLC

By: /s/ Afshin Afsharimehr

Afshin Afsharimehr

*Attorney for Plaintiff*

Dated: October 5, 2020

# EXHIBIT H

# EXHIBIT H

Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 602-562-0996
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley, | No. |
| Plaintiff, | |
| v. | |
| Albertson's LLC, a Delaware limited liability company, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendant. | |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Albertson's LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2.      Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3.      Plaintiff is a resident of Maricopa County, Arizona.

4.      Defendant is a limited liability company with its registered office located at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012.

5.      Upon information and belief, Defendant owns or operates "Albertsons" an area grocery store whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

**FACTUAL ALLEGATIONS**

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8.      These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9.      Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10.     Plaintiff's impairments meet the definition of a "disability" under the ADA.

11.     Plaintiff's impairments are permanent and were present at all times relevant to this action.

12.     Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for personal needs and to occasionally fill prescriptions based on which location is most convenient to him.

13.     Plaintiff encountered barriers to access at three of Defendant's stores over approximately a four-week period, primarily in each of the store's restrooms.

14.     Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

15.     Plaintiff is a customer of Defendant and would return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

16.     Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18.     Plaintiff incorporates the above paragraphs by reference.

3

19.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

21.     Plaintiff incorporates the above paragraphs by reference.

22.     Albertsons is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24.     The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

25.     The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

27. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

28. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on April 18, 2020, at the Facility located at 2785 N Scottsdale Rd, Scottsdale, AZ 85257:

    a. Unisex Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

        iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

5

iv. Not providing a coat hook within the proper reach ranges for a person with a disability as required by sections 603, 603.4 and 308 of the Standards.

v. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

vi. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

vii. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

31.    Plaintiff personally encountered architectural barriers on April 25, 2020, at the Facility located at 6965 N Hayden Rd, Scottsdale, AZ 85250:

a. Restroom:

i. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

ii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

iii.  Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards.

iv.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

v.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

vi.  Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

vii.  Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

viii.  Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

ix.  Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

x. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

32. Plaintiff personally encountered architectural barriers on May 10, 2020, at the Facility located at 11475 E Via Linda, Scottsdale, AZ 85259:

a. Restroom:

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

ii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

iii. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

8

vi.   Not providing toilet cover dispenser at the correct height above the

finished floor as required by sections 606, 606.1 and 308 of the

Standards.

Not providing soap dispenser at the correct height above the finished floor as

required by sections 606, 606.1 and 308 of the Standards.

33.   These barriers cause Plaintiff embarrassment and fear because he cannot

safely use elements of each store due to the risk of aggravating his injuries.

34.   Upon information and belief, Defendant has failed to remove some or all of

the barriers and violations at the stores.

35.   Defendant's failure to remove these architectural barriers denies Plaintiff

full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

36.   Defendant's failure to modify its policies, practices, or procedures to train

its staff to identify architectural barriers and reasonably modify its services creates an

environment where individuals with disabilities are not provided goods and services in

the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a),

12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

37.   Defendant has discriminated and continues to discriminate against Plaintiff

(and others who are similarly situated) by denying access to full and equal enjoyment of

goods, services, facilities, privileges, advantages, or accommodations located at the stores

due to the barriers and other violations listed in this Complaint.

38.   It would be readily achievable for Defendant to remove all of the barriers at

the stores.

9

39.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the ADA;

B.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E.     grant any other such relief as the Court deems just and proper.


Respectfully Submitted,

BLACKMORE LAW PLC

By:   /s/ Afshin Afsharimehr

Afshin Afsharimehr
*Attorney for Plaintiff*

Dated: October 5, 2020

10