WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley,<br><br>    Plaintiff,<br><br>v.<br><br>QuikTrip Corporation,<br><br>    Defendant. | No. CV-20-01937-PHX-ROS<br><br>**ORDER** |

  Plaintiff Daimeon Mosley alleges Defendant QuikTrip Corporation's facility located at 2212 E. Bell Road, Phoenix, Arizona 85022 is not in compliance with Title III of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12181, *et seq*. (Doc. 1). Mosley suffers from several qualifying disabilities under the ADA that require him to use a mobility device. (Doc. 1 at 2). He alleges the restroom at the 2212 E. Bell Road store unlawfully erects a barrier denying him access to the Defendant's store and seeks declaratory and injunctive relief. (Doc. 1 at 2-4).

  On July 8, 2021, QuikTrip filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 19). QuikTrip argues Mosley does not have standing to sue sufficient to confer jurisdiction upon the Court and that he failed to adequately plead a claim under the ADA. (Doc. 19 at 4, 9).

  QuikTrip's motion (Doc. 19) will be granted and this matter will be dismissed without prejudice for lack of jurisdiction because Mosley's allegations are insufficient to persuade the Court that he has standing to bring his claims.

## BACKGROUND

Daimeon Mosley is a self-proclaimed ADA "tester" who routinely "inspect[s]" facilities to determine whether they comply with the ADA (Doc. 1 at 3) and sues if they do not. *See* (Doc. 19-2 at 2-12). Mosley allegedly suffers from "numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus." (Doc. 1 at 2). Mosley uses a mobility device because his "impairments limit major life activities, including walking, standing, reaching, lifting, and bending." (Doc. 1 at 2).

Mosley alleges he visited QuikTrip's facility ("the Facility") located at 2212 E. Bell Road, Phoenix, Arizona 85022 on May 23, 2020. (Doc. 1 at 5). During that visit, he claims to have "personally encountered architectural barriers" at the Facility's restroom. (Doc. 1 at 5). Mosley alleges the following violations of the ADA exist at the Facility's restroom:

- "[A] gate or door with a continuous opening pressure of greater than 5 lbs." (Doc. 1 at 5).
- "Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop." (Doc. 1 at 5).
- "Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor." (Doc. 1 at 5).
- "Not providing operable parts that are functional or are in the proper reach ranges." (Doc. 1 at 5).
- "Not providing the water closet in the proper position relative to the side wall or partition." (Doc. 1 at 6).

Mosley alleges these "barriers cause [him] embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries." (Doc. 1 at 6). He alleges QuikTrip has failed to fix the allegedly unlawful features of its restroom and has inadequately trained its staff to identify those features. (Doc. 1 at 6). Mosley claims to be a regular customer of QuikTrip in Phoenix and would return to the store if the unlawful features of the restroom are remedied. (Doc. 1 at 2-3).

**LEGAL STANDARD**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

A complaint may be dismissed under Rule 12(b)(1) if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Standing to sue is a necessary requirement for federal jurisdiction. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014).

**ANALYSIS**

**I.     Americans with Disabilities Act**

Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). The disability discrimination sought to be remedied by the ADA is "most often the product, not of invidious animus, but rather of thoughtlessness and indifference" or "benign neglect." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc) (quoting *Alexander v. Choate*, 469 U.S. 287, 295-96 (1985)). Thus, ADA protects against not only obviously exclusionary conduct, but also "more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation." *Id.* (quoting 42 U.S.C. § 12182(a)). ADA discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Compliance with the ADA is defined, in part, by the ADA Accessibility Guidelines ("ADAAG").[1] *See* 28 C.F.R. § 36.406(a); *see also Chapman*, 631 F.3d at 945; *Miller v. California Speedway Corp.*, 536 F.3d 1020, 1024-25 (9th Cir. 2008). "The ADAAG provides the objective contours of the standard that architectural features must not impede

---

[1] The ADAAG may be found at the following link: https://www.ada.gov/2010ADAstandards_index.htm

disabled individuals' full and equal enjoyment of accommodations." *Chapman*, 631 F.3d at 945 (citing *Pascuiti v. New York Yankees*, 87 F.Supp.2d 221, 225 (S.D.N.Y. 1999)).

## II. Mosley has not adequately alleged an injury-in-fact

QuikTrip argues Mosley does not have standing. (Doc. 19 at 4).

A plaintiff has standing to sue if he can demonstrate an (1) injury-in-fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury is likely to be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). The Ninth Circuit recognizes the "Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits, 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)). "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman.*, 631 F.3d at 946 (quoting *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue." *Id.* at 944.

In *Chapman v. Pier 1 Imports*, the Ninth Circuit sitting en banc held the plaintiff did not have standing because "Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One." *Chapman*, 631 F.3d at 955. Chapman also failed to "identify how any of the alleged violations threaten[] to deprive him of full and equal access due to his disability if he were to return to the Store, or how any of them deter him from visiting the Store due to his disability." *Id.* The en

banc court unanimously held Chapman's allegations were insufficient to establish standing. *Id.*

Mosley's allegations are similarly deficient. Mosley identifies five problems with the Facility, but the problems are identified using very unspecific language. (Doc. 1 at 5-6). For example, he objects that the Facility fails to "provid[e] operable parts that are functional or are in the proper reach ranges" (Doc. 1 at 5) without identifying what those parts are, what proper reach ranges would be, or how those deficiencies affect him in light of his disability. And Mosley complains that QuikTrip fails to "provid[e] the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop" (Doc. 1 at 5) without identifying whether he was affected by exposed plumbing, by sharp objects, or by abrasive objects, or how the alleged violation deprived him of full and equal access to the facility as a result of his disability. *See Chapman*, 631 F.3d at 953 (noting an ADA plaintiff lacks standing to enjoin barriers that do not affect the plaintiff based on their particular disability); *see also Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (same).

It appears significant chunks of Mosley's complaint were copied-and-pasted from filings elsewhere. He complains he was harmed because "[t]hese barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of *each* store due to risk of aggravating his injuries." (Doc. 1 at 6) (emphasis added). There is only one store at issue in his complaint in this action. And Mosley has failed to explain how any of these elements, which are identified in only the most general terms, affect him personally.

Mosley does not need to allege he was affected by each ADA-deficient element in the Facility to have standing to challenge each element that might deprive him of full and equal enjoyment of the Facility as a result of his disability. *See Chapman*, 631 F.3d at 952-53; *Steger*, 228 F.3d at 894. But, even in light of the liberal standard afforded civil rights complaints, *see Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), Mosley comes up short because he has failed to demonstrate how he was affected by *any* element in the Facility.

# CONCLUSION

This matter will be dismissed without prejudice. If Mosley chooses to submit a new complaint, he should identify with particularity whether and how each element of the Facility affected him and when such discrimination occurred. He should also more clearly allege how the elements either will deprive him of full and equal enjoyment of this particular store in the future, or how it deters him from shopping at the store.

Accordingly,

**IT IS ORDERED** Defendant QuikTrip Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff Daimeon Mosley's Complaint for Declaratory and Injunctive Relief (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated this 23rd day of November, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge